No. 1,525.

GOBEN *v.* PHILLIPS.

APPELLATE COURT PRACTICE.—*Sufficiency of Complaint on Appeal.— Questioned for First Time.*—If the sufficiency of the complaint is questioned for the first time on appeal, the complaint must be considered as an entirety, and if any paragraph is sufficient, the assignment must fail.

SPECIAL VERDICT.—*Insufficient to Support Judgment.—Action to Recover Purchase-Money.*—That the special verdict, in an action to recover from an agent the balance of purchase-price of land after paying certain indebtedness therefrom, is too indefinite and insufficient to support a judgment for recovery, see opinion.

SAME.—*Demand.—Recovery.*—The defendant, in such action, was not in default until he refused, upon demand, to account to plaintiff for the balance remaining in his hands.

TRIAL.—*By Jury.—Real Estate.—Purchase-Price*—An action to recover the balance of the purchase-price of land, is triable by jury.

From the Montgomery Circuit Court.

*J. Wright* and *J. M. Seller*, for appellant.

*C. Johnson* and *W. H. Johnson*, for appellee.

Ross, J.—The appellee recovered judgment against the

appellant in the court below for the sum of $92, a balance alleged to be due her of the purchase-money received by appellant in the sale of certain real. estate owned by her and conveyed by her to him to be sold. The complaint, which is in two paragraphs, is attacked for the first time by an assignment in this court. Such an assignment tests the complaint as an entirety. The first paragraph is sufficient when questioned for the first time after verdict, hence we need. not examine the second.

The court did not err in submitting the cause to a jury. The issues were proper ones to be submitted to a jury for trial.

It is next urged that the facts found in the special verdict are insufficient to sustain a judgment for appellee. This objection seems to be well taken. Under the facts found by the jury it appears that the appellant was the agent of the appellee, with power to sell certain property belonging to her and from the proceeds pay certain obligations. After the payment of these obligations appellant was to pay over the balance, if any remained in his hands, to the appellee.

The jury failed to find that the appellee made a demand upon appellant either for the balance held by him or for a settlement. Neither do the jury find that appellant failed or refused to account to appellee. Appellant was not in default until he refused to account to appellee for the balance remaining in his hands.

Again the jury find that the incumbrances which appellant was to pay amounted to $507.89, namely, "by a mortgage of two hundred dollars ($200), executed May 28, 1883, in favor of S. H. and O. M. Gregg, and taxes amounting to $307.89," and that he sold the property for $400 cash. Whether the sale was made subject ·to these incumbrances or not is not found. Neither is it

found that he paid these incumbrances, nor, on the other hand, is it found that he failed to pay them. If the sale was made subject to the incumbrances, it is evident that the appellant retains in his hands a balance of the purchase-money, for which he should account to appellee. The facts found, however, are so indefinite and uncertain that this court can not say they are sufficient to sustain a judgment for appellee.

It appears from the facts found, that the jury intended to find such a state of facts as would show a balance due appellee; and having failed to make their finding clear, we think that in order to protect the rights of the appellee the cause should be reversed, with instructions to grant appellee a new trial if asked for within ninety days, otherwise that the court enter judgment on the verdict in favor of appellant.

Judgment reversed.

